**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorney for Defendant
NATIONSTAR MORTGAGE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JINO E. CABRERA,<br><br>         Plaintiff,<br><br>vs.<br><br>NBS DEFAULT SERVICES, LLC, and NATIONSTAR MORTGAGE,<br><br>         Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. §1332]<br><br>[Los Angeles County Superior Court Case No. LC105281]<br><br>Complaint Filed:  February 21, 2017<br>Trial Date:            None |

**TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

Defendant Nationstar Mortgage LLC (erroneously sued herein as Nationstar Mortgage) (**Nationstar**) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby removes this action from the Los Angeles County Superior Court to the United States District Court for the Central District of California, and states as follows:

   I.   **STATEMENT OF THE CASE**

1.   Plaintiff Jino E. Cabrera (**plaintiff**) filed a civil complaint in Los Angeles County Superior Court on February 21, 2017, commencing an action styled *Jino E. Cabrera v. NBS Default Services, LLC, et al.*, Case No. LC105281 (**state court action**). A copy of the complaint in the State Court Action is attached hereto as part of **Exhibit 1.**

{41161125;2}
1
CASE NO. TBD
**NOTICE OF REMOVAL TO FEDERAL COURT**

2. Plaintiff purports to assert four causes of action in the complaint, characterized as follows: (**1**) Declaratory Relief; (**2**) Quiet Title; (**3**) Equitable Estoppel; and (**4**) Injunctive Relief.

## II.   BASIS FOR REMOVAL JURISDICTION

Diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

### A.   Complete Diversity Exists.

3. To meet the diversity requirement, there must be complete diversity between plaintiff and all defendants, meaning no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

4. Plaintiff is a citizen and resident of California. "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff admits he resides in Los Angeles County, California. (*See* Compl. ¶¶ 1-2.) This is confirmed by plaintiff's allegation he has legally acquired the lawful ownership to the property. (*See* Compl. ¶ 12.)

5. Nationstar is a Delaware limited liability company. As a limited liability company, Nationstar "is a citizen of every state of which its owners/members are citizens[.]" *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nationstar's members are Nationstar Sub1 LLC (**Sub1**) and Nationstar Sub2 LLC (**Sub2**). Both Sub1 and Sub2 are wholly-owned by Nationstar Mortgage Holdings, Inc. (**NSM**). NSM is a Delaware corporation with a principal place of business in Lewisville, Texas. Nationstar is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

6. NBS Default Services, LLC (**NBS**) is a single member limited liability company organized pursuant to the laws of the State of Texas with its principal place of business in Dallas, Texas. (*See*, **Exhibit 2**, Declaration of NBS). NBSC Group

Holdings, Inc. (**NBSC Holdings**) is the sole member of NBS and owns 100% of the membership interests of NBS Default. (*See id.*). NBSC Holdings is a holding company incorporated in Delaware with its principal place of business in Dallas, Texas. (*See id.*). NBSC Holdings' corporate officers are located in Dallas, Texas where they direct, control and coordinate the corporation's activities. (*See id.*)

### B.   The Amount in Controversy Exceeds $75,000.

7.   Under 28 U.S.C. § 1332(a), the matter in controversy must exceed $75,000. This requirement is met.

8.   The amount in controversy is ordinarily determined by the allegations in the complaint. *See Valdez v. Allstate Ins. Co.*, 375 F.3d 1115, 1117 (9th Cir. 2004). Here, however, plaintiff does not seek monetary relief.

9.   The amount in controversy can also be measured by the value of plaintiff's loan and the property because plaintiff seeks declaratory relief Nationstar has no right, title or interest in the property. (Compl. at ¶ 12(a).) Both the Supreme Court and Ninth Circuit hold in actions seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiff's request for declaratory relief implicates the total value of the deed of trust, which secures a promissory note on the property in the principal amount of $880,000.00. (*See* Request for Judicial Notice (**RJN**), Ex. 1.) The $75,000 jurisdictional minimum is met.

### III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

10.   Removal of this action is timely. 28 U.S.C. § 1446(b). Plaintiff commenced this action on February 21, 2017. (*See* **Ex. 1**.) Plaintiff has not validly served Nationstar. Plaintiff filed proofs of service indicating both Nationstar and NBS were served on February 21, 2017 by overnight mail. (*See* **Ex. 1**.) Neither proof of service indicates the complaint was mailed to a specific officer of the company or the

company's agent. *See* Cal. C.C.P. § 416.10. Nor do they indicate the summons was mailed with return receipt requested. *See* Cal. C.C.P. §§ 415.30, 415.40. Commencement of the removal period is only triggered by formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349-356 (1999). This removal is filed within thirty days of commencement of this action and service on defendants. *See id.*

11. NBS has not filed an appearance or answer. The proof of service filed by plaintiff indicates NBS was served by overnight mail. Like the proof of service for Nationstar, NBS's proof of service does not indicate proper or valid service. Therefore, its consent is not required. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984), *overruled on other grounds by Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988), *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action.").

12. Despite plaintiff's failure to properly serve NBS, NBS consents to this removal. (*See* **Exhibit 3**, Consent for Removal.)

13. This Court is the appropriate forum. Plaintiff filed the state court action in Los Angeles County Superior Court. The United States District Court for the Central District of California, Western Division, is the federal judicial district embracing Los Angeles County, California.

14. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached hereto as **Exhibit 1**.

15. Nationstar will promptly provide written notice of removal to plaintiff and file a copy with the clerk in the state court action as required by 28 U.S.C. § 1446(d).

## IV. CONCLUSION

By this notice of removal and the associated attachments, defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other

defenses or objections it may have to this action. Nationstar intends no admission of fact, law or liability by this notice, and expressly reserves all defenses, motions and/or pleas. Nationstar prays the state court action be removed to this Court, that all further proceedings in the state court be stayed, and defendant receives all additional relief to which it is entitled.

WHEREFORE, Nationstar removes the state court action to this Court.

Dated: March 23, 2017

Respectfully submitted,

**AKERMAN LLP**

By: /s/ *Justin D. Balser*
   Justin D. Balser
   Attorneys for Defendants
   NATIONSTAR MORTGAGE LLC

# PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is 1900 Sixteenth Street, Suite 1700, Denver, Colorado 80202.

On **March 23, 2017**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

## NOTICE OF REMOVAL

Jino E. Cabrera
14807 Otsego St.
Sherman Oaks, CA 91403
*Pro Se Plaintiff*

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Denver, Colorado.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **March 23, 2017**, at Denver, Colorado.

Lisa King
(Type or print name)                     (Signature)

{41161125;2}

CASE NO. TBD

**PROOF OF SERVICE**